IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TONY J. RHINESMITH,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>JO ANNE BARNHART, in her capacity as Commissioner,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br><br>Case No. 2:05-CV-314 TS |

This matter came before the Court on April 24, 2006, for hearing on Plaintiff's appeal of the Commissioner's decision to deny her application for Social Security disability insurance.  The Court has reviewed the entire record including the Decision of the Administrative Law Judge (ALJ), the parties' memoranda, and the administrative record.

Plaintiff Tony Rhinesmith (Rhinesmith) alleges his disability onset date was December 1, 2000, and that he is disabled due to spondylolishesis and back pain.  The ALJ found he was not entitled to disability benefits. The ALJ found that Rhinesmith's back condition and pain were severe, but, at step three[1] the ALJ found that the severe

---

[1]*See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1998) (explaining five-step sequential process for evaluating claims for disability benefits).

1

impairments did not meet or equal the listed[2] impairment, Listing 1.04.  The ALJ found Rhinesmith could not perform his past work.  At step five, the ALJ found that with his impairments, Rhinesmith could perform a limited range of sedentary work including jobs such as Dowel Inspector, Tube Operator, and Final Assembler of optical parts.   The Appeals Counsel affirmed.

Rhinesmith appeals on the grounds that the decision is contrary to law and not supported by substantial evidence.   He specifically contends that (1) he met or equaled the listing at issue, Listing 1.04 A or C;[3] (2) the ALJ failed to properly discuss his finding that Rhinesmith did not meet the listing; and (3) the ALJ's step five[4] determination did not accord with established social security rulings and Tenth Circuit case law that requires (a) testimony that the vocational expert's (VE) testimony is consistent with the Dictionary of

---

[2]"The Listings describe 'impairments which are considered severe enough to prevent a person from doing any gainful activity.'" *Candelario v. Barnhart*, 2006 WL 308263, *6 n.1 (10th Cir. 2006) (quoting  20 C.F.R. § 404.1525(a)).

[3]Prior to being revised and renumbered in 2002, Listing 1.04  was Listing 1.05. Thus, in some cases, such as *Baldwin v. Barnhart*, 2006 WL 337585, *6 (10th Cir. 2006), it is cited as Listing 1.05.

[4]The steps to determine whether a claimant is under a disability are a five-step sequential evaluation: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work.  20 C.F.R. §§ 404.1520, 416.920.

Occupational Titles (DOT) and (b) that the ALJ investigate and elicit a reasonable explanation for any conflict between the VE's opinion and the DOT.[5]

Where, as in this case, the Appeals Counsel denies review, the ALJ's decision is the Commissioner's final decision for the purpose of review.[6]  This Court's review of the ALJ's decision is limited to determining whether its findings are supported by substantial evidence and whether the correct legal standards were applied.[7]  If supported by substantial evidence, the ALJ's findings are conclusive and must be affirmed.[8]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9]  The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[10]

The Court should evaluate the record on appeal as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[11]  However, the

---

[5]Citing *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence").

[6]*Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[7]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[8]*Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[9]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th  Cir. 1996).

[10]*Id.*

[11]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ.[12]

The record reveals the following:  Rhinesmith has medically verifiable conditions of the spine;  he has been treated for those problems on a regular, sometimes monthly, basis for seven years; his treatment included referrals to specialists and a pain management center; the pain resulting from those conditions is severe enough that for those seven years he has required narcotic pain medication on a daily basis;[13] he performs his aqua exercise regimen regularly;[14] with the daily use of the pain medication he is able to maintain a certain level of physical activity.[15]  The ALJ's Decision focused on the following facts as evidence that his undisputed medical conditions and resulting pain did not prevent him from working: Rhinesmith tried unsuccessfully to maintain a home business;[16] tried unsuccessfully to work in 2002;[17] that he kept active by among other things, following his water exercise routine and attending or teaching martial arts classes.[18]  The ALJ

---

[12]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[13]*See* Rec. at 218 and Rec. at 259 (Rhinesmith's testimony at May 25, 2004 administrative hearing describing his daily medication since 1998).

[14]He consistently reports the water exercise helps and that he has little pain when exercising in water.

[15]Rec. at 120.

[16]He worked approximately five hours a week in his home business.

[17]This attempt was two years after the alleged disability date.

[18]Rhinesmith testified that during the one hour martial arts classes he corrected students positions and that he was able to demonstrate only one of the various kicks taught. Tr. at 264-66.

acknowledged that Rhinesmith's working in 2002 was an "unsuccessful work attempt" and neither it, nor his earlier attempt to have a home business were gainful employment within the meaning of social security law.

This appeal raises two main issues.  First, whether there is evidence of muscle weakness prior to the disability onset date.  If there is, Rhinesmith may have met Listing 1.04 and, if so, would conclusively be presumed disabled.  Second, whether there is a conflict between the DOT and the VE's testimony.  If there is, the case must be remanded to make the necessary findings.

"If listed, the impairment is conclusively presumed disabling."[19]  The listing at issue is Listing 1.04 A or C.[20]

"To show that [an] impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  It is a claimant's burden to show he meets these criteria."[21]  "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits."[22]  "[D]ue to the way the sequential analysis is structured, a proper finding of disability (at step three) . . . is conclusive and, thus, cannot be overturned by

---

[19]*Fisher-Ross v. Barnhart*, 43 F.3d 729, 731 (10th Cir. 2005) (citing § 404.1520(d)).

[20]20 C.F.R. Pt. 404, Subpt. P, App. 1. Rhinesmith does not rely on subsection B.

[21]*Boone v. Apfel,* 1999 WL 668253, *3 (10th Cir. 1999) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).

[22]*Williams v. Bowen,* 844 F.2d at 751.

consideration of a subsequent step."[23]

Rhinesmith contends that the ALJ was in error in finding a lack evidence of muscle weakness before the disability date, citing the record of a March 18, 1996 examination.[24]

The Commissioner contends that the ALJ correctly found that prior to the disability date there was no evidence of muscle wasting or weakness, that no physician stated that the Rhinesmith's undisputed conditions met the listing, and that the two consulting experts for the state who reviewed his records impliedly found that he did not meet the listing.[25] The Commissioner does not appear to dispute the existence of the criteria of the listing other than muscle weakness.

The record shows that the Rhinesmith did meet his burden to show that he meets all of the criteria of Listing 1.04 A.  There is no requirement that a claimant provide a medical opinion that he met the criteria, only that there is evidence of the criteria shown in the listing of that impairment.[26]  The ALJ was incorrect that there was no evidence of muscle weakness prior to the onset of the disability.  That medical evidence Rhinesmith uses to support that he met the criteria of the impairment in Listing 1.04 A, is undisputed.

---

[23]*Murrell v. Shalala,* 43 F.3d 1388, 1389 (10th Cir. 1994).

[24]Tr. at 98. (Finding "manual muscle testing reveals 4-/5 weakness with the right extensor . . . and 4/5 for the anterior tibialis") and 237 (same in Utah DDS Case Summary).

[25]Those non-examining reviewing doctors did not explicitly say he did not meet the listing.

[26]*See* 20 C.F.R. § 404.1525(d).

An ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."[27]   The ALJ failed to discuss the uncontroverted evidence of muscle weakness before the onset date.

At the hearing, the Commissioner argued that there was no need to remand because the evidence that was received did not meet the further requirements of the regulations because he was found to have normal strength in subsequent examinations.[28] Where the evidence of muscle weakness was erroneously omitted from the ALJ's consideration, the record is not developed on this issue.  The Court will remand the case for development of the record on the issue of whether Rhinesmith met the criteria for Listing 1.04 A or C.

In addition, the Court must also remand on the issue of conflict with the DOT.  The ALJ must investigate and elicit a reasonable explanation for a conflict between the VE's opinion and the DOT.[29]   Rhinesmith says that the ALJ erred in relying on the VE's testimony because he did not ask him if his testimony was consistent with the Dictionary of Occupational Titles and the record is therefore insufficient on the stand/sit option.

Defendant admits that the ALJ did not ask the VE if his opinion was consistent with the DOT, but says that there is no reason to remand because there is no conflict where the DOT is silent on the sit/stand option.

---

[27]*Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

[28]The Commissioner raised this issue for the first time during the hearing.

[29]*Haddock*, 196 F.3d at 1091.

In *Haddock*, the Tenth Circuit held that a conflict between the DOT and the VE's testimony must be explored.[30]  In this case, there are conflicts.  On remand, the ALJ shall comply with *Haddock*.

Based upon the foregoing, it is therefore

ORDERED that this case is REMANDED for further proceedings consistent with this Decision.  The clerk of court is directed to close this case.

DATED  April 27, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[30]*Id.*

8